# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,   :   Case No. 3:12-cr-081
                                                     Also Case No. 3:15-cv-278

                                                       District Judge Thomas M. Rose
-  vs  -                                     Magistrate Judge Michael R. Merz

RICHARD TREPANIER,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant Richard Trepanier's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 71). On the Court's Order, the United States has filed an Answer (ECF No. 73) and Trepanier has filed a Reply (ECF No. 74).

       Initially Trepanier moves to make the Government's Answer "mote" (presumably meaning "moot") because "it did not meet the fixed time of October 1st 2015." - (Reply, ECF No. 74, PageID 1138.) Trepanier is incorrect. The Court's Order required the Government to file an answer by October 1, 2015, and the Government did so. Trepanier received his copy directly from the United States instead of from the Court because any party filing with the Court is required to serve other parties and the Government's counsel has certified to the Court that the

1

Answer was served on Trepanier by mail on the date of filing (ECF No. 73, PageID 1137). That is completely proper under Fed. R. Civ. P. 5. Trepanier's request to find the Answer moot is denied.

**Procedural History**

This case was commenced by the filing of a Complaint against Trepanier charging one count of receiving and one count of possessing child pornography (ECF No. 2). Based on the Affidavit attached to that Complaint, Chief Magistrate Judge Sharon Ovington issued a warrant for Trepanier's arrest (ECF No. 3) which was executed on May 16, 2012 (ECF Nos. 3, 10). On the same day, Trepanier appeared before Judge Ovington, was appointed counsel, and was later admitted to bond. After Trepanier waived a preliminary hearing, he was bound over to the grand jury which returned an indictment charging two counts of receiving and one count of possession child pornography (ECF No. 18). After a mental status examination, Trepanier was found competent to stand trial (ECF No. 28). The case proceeded to trial to a jury which returned a guilty verdict on counts one and three on April 17, 2013 (ECF No. 49). After the Court reviewed a presentence investigation report, Judge Rose sentenced Trepanier to 168 months imprisonment and ten years of supervised release with special conditions (ECF Nos. 57, 58).

Trepanier appealed to the Sixth Circuit (ECF No. 60) which affirmed. *United States v. Trepanier*, No. 13-3963 (6th Cir. Aug. 13, 2014)(unreported; copy at ECF No. 69). Trepanier then filed the instant § 2255 Motion pleadings twenty-three Grounds for Relief (ECF No. 71).

# ANALYSIS

**Ground One:  Seizure of Evidence Without Consent**

In his First Ground for Relief, Trepanier asserts the computer on which incriminating images were found was seized from him without his consent.

The Government asserts that this Fourth Amendment claim is not cognizable in habeas corpus, relying on *Stone v. Powell,* 428 U.S. 465 (1976).  Although *Stone* specifically addressed collateral attacks on Fourth Amendment grounds in habeas corpus cases arising from state court convictions, the Sixth Circuit has expressly applied *Stone* to § 2255 motions.  *Ray v. United States*, 721 F.3d 758 (6th Cir. 2013).  Trepanier's First Ground for Relief does not state a claim upon which relief can be granted under 28 U.S.C. § 2255.

The Government also asserts this claim is barred by Trepanier's procedural default in failing  to raise this claim on direct appeal (Answer, ECF No. 73, PageID 1125).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  The procedural default analysis of *Wainwright* and its progeny is fully applicable to § 2255 motions.  *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

Trepanier admits this claim was never raised on direct appeal, but asserts he can show cause and prejudice in that he received ineffective assistance of appellate counsel as pled in Ground Fifteen (Reply, ECF No. 74, PageID 1139).

Ineffective assistance of appellate counsel can operate as excusing cause for omitting an issue on appeal.  However, ineffective assistance of appellate counsel is to be judged by the same general standard that applies to all claims of ineffective assistance.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

5

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).

All Trepanier says in Ground Fifteen is that his appellate attorney, Kevin Schad, did not contact him. While that may establish the deficient performance prong of *Strickland*, it does not establish any prejudice from omission of what is now pled as Ground One.

A claim for suppression of evidence must be raised before trial. Fed. R. Crim. P. 12(b)(3)(C). That is because suppression questions must be heard by the court and not in front of a jury lest the jury's mind be tainted by unlawfully obtained evidence. However, no motion to suppress the computer as illegally seized was ever made. It would therefore have been pointless for Schad to raise the claim on appeal since it would have been held barred by the failure to move to suppress.

Trepanier's First Ground for Relief is barred by procedural default and should be dismissed on that basis.

The First Ground for Relief is also without merit. Testimony at trial established that Trepanier's then-wife, who was living with him at the residence from which the computer was seized, consented to the seizure. Indeed, in his Reply Trepanier admits that was the case, but insists the FBI did not have his consent personally (ECF No. 74, PageID 1139). Her consent was sufficient. *Fernandez v. California*, 134 S. Ct. 1126 (2014).

**Ground Two:  Ineffective Assistance of Trial Counsel: Failure to Object to the Grant of Immunity to Christopher Peffer**

In his Second Ground for Relief, Trepanier objects that his trial attorney, Ms. Bennett, provided ineffective assistance when she did not object to the grant of immunity to witness Christopher Peffer.

The United States responds that Ms. Bennett did move to exclude Peffer's testimony altogether, both by a motion in limine and by continuing objection during trial (Answer, ECF No. 73, PageID 1127).  An objection to the grant of immunity would have done nothing to strengthen the case on appeal as nothing in Judge McKeague's discussion of this issue suggests that would have made a difference.  In any event, Ms. Bennett's objection would not have prevented the Government from granting immunity, so it would have been a pointless objection.  It cannot be ineffective assistance of trial counsel to fail to make a meritless objection.  Ground Two should therefore be dismissed.

**Ground Three:  Ineffective Assistance of Trial Counsel:  Conceding Guilt**

In his Third Ground for Relief, Trepanier claims Ms. Bennett and her investigator on multiple occasions told his sister that he was undoubtedly guilty and acted unconcerned about whether anything had been placed on his computer by government authorities.

Giving a candid assessment of the strengths and weaknesses of a case to a member of a defendant's family does not constitute ineffective assistance.  Indeed, unrealistic assurances of acquittal would be a dereliction of duty by defense counsel.  As to the second point, Trepanier has presented no evidence that the Government planted incriminating evidence on the computer.

**Ground Four:  Evidence Tampering**

In Ground Four as in Ground Three, Trepanier asserts the FBI tampered with the computer.  He presents no evidence.  The fact that the seizing agent placed the computer into a secure place in FBI evidence on Friday, July 31, 2009, and the forensic examiner did not retrieve it to begin his analysis until the following Monday does not prove anything of value to Defendant's case.  Furthermore the claim is procedurally defaulted because it could have been raised on appeal but was not.

**Ground Five:  Ineffective Assistance for Failure to Call Rebuttal Witnesses**

In his Fifth Ground for Relief, Trepanier accuses Ms. Bennett of ineffective assistance of trial counsel for her failure to call rebuttal witnesses.  The Government's Answer notes that Trepanier has not identified any such witnesses.

In his Reply, Trepanier states Ms. Bennett said "on record" she had as rebuttal witnesses his sister, Major Anita Renee Trepanier, who "would have testified to Uniform Code of Military Justice issues and also be [sic] a character witness" and a "Computer Forensic Examiner." (ECF No. 74, PageID 1141.)  Trepanier does not identify any place in the record where Ms. Bennett made such a statement.  He does not present any affidavit from Major Trepanier about what she would have testified to, nor does he either name or present any evidence (e.g. a report of examination) from any computer forensic examiner.  In the absence of any such evidence, his claim that Ms. Bennett provide ineffective assistance of trial counsel is purely speculative.

**Grounds Six and Seven:  Speedy Trial**

In his Sixth and Seventh Grounds for Relief, Trepanier claims he was deprived of his right to a speedy trial.  The Government responds that these claims are defaulted because the speedy trial statute requires that, to raise such a claim, a defendant must move to dismiss before trial begins.  The Government is correct that 18 U.S.C. § 3162(a) expressly provides that failure to move to dismiss is a waiver of the claim.  Therefore Ground Six is without merit because no motion to dismiss on speedy trial grounds was ever made.

In Ground Seven Trepanier claims it was ineffective assistance of trial counsel for Ms. Bennett not to move for dismissal, asserting that a total of seventy-two countable days passed before trial commenced.  The difficulty with Defendant's argument is that he believes the speedy trial clock began to run on the date of his arrest, May 15, 2012 (Reply, ECF No. 74, PageID 1142).  Trepanier is wrong.  Under 18 U.S.C. § 3161(c), the time runs from indictment.  The commencement of trial was therefore timely and Ms. Bennett's practice was not deficient in failing to move to dismiss on speedy trial grounds.

**Ground Eight:  Seizure Without a Search Warrant**

In Ground Eight Trepanier complains that his computer was seized without a search warrant.  As noted above with respect to Ground One, his spouse's consent was sufficient to authorize the seizure and no search warrant was necessary.  Moreover, no motion to suppress was filed.

9

**Ground Nine:  Ineffective Assistance of Trial Counsel for Failure to Object to Signature on the Consent Form**

This Ground for Relief is without merit for the same reasons as Ground Eight.

**Ground Ten:  Coroner's Employee Identified with the FBI During Trial**

In his tenth Ground for Relief, Trepanier complains that the forensic computer expert for the Government at trial testified he was employed by the Montgomery County Coroner's Office, but wore clothing identifying himself with the FBI throughout trial.

In the relevant trial testimony, quoted verbatim in the Government's Answer, the witness in question testified he was employed by the Montgomery County Coroner's Office but assigned to an FBI Task Force and wore that identification during trial.  Contrary to Trepanier's claim in his Reply, Mr. Burnham did not "impersonate" a federal agent and there is nothing inherently confusing to a jury about his testimony and nothing unlawful about a local law enforcement person participating in a federal law enforcement task force.

Moreover, this issue was not raised on appeal, although it is evident on the face of the record, and therefore is procedurally defaulted.

**Ground Eleven:  Failure to Present Arrest Warrant**

In his Eleventh Ground for Relief, Trepanier claims he was never presented with an arrest warrant.  However, no such "presentation" is required.  The record confirms that Judge Ovington issued an arrest warrant for Trepanier before his arrest so that the FBI had authority to make the arrest.  Even if there had not been a warrant, the FBI had probable cause to believe Trepanier had committed a felony offense.  This Ground for Relief is without merit.

**Ground Twelve:  Lack of *Miranda* Warnings**

Trepanier complains that the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), were not read to him at the time of his arrest.  Assuming the truth of this allegation, it is immaterial since none of his statements to the FBI were admitted in evidence against him.

**Ground Thirteen:  Ineffective Assistance for Failure to Object to Lack of Miranda Warnings**

Trepanier claims Ms. Bennett provided ineffective assistance of trial counsel when she did not object to the lack of *Miranda* warnings.  This claim is without merit for the same reason as Ground Twelve.

**Ground Fourteen:  Illegal Seizure of Computer**

This Ground for Relief is without merit on the same basis as Ground One.

11

**Ground Fifteen:  Ineffective Assistance of Appellate Counsel**

This Ground for Relief is without merit for the reasons given under Ground One.

**Ground Sixteen:  Ineffective Assistance of Appellate Counsel**

In his Sixteenth Ground for Relief, Trepanier asserts his appellate attorney was ineffective for failure to raise on appeal that it took more than ninety days to get a trial transcript and the transcripts are incomplete (Motion, ECF No. 71, PageID 1100).

The docket shows that the Notice of Appeal was filed in this case August 19, 2013 (ECF No. 60).  The transcript of sentencing hearing was then filed September 30, 2013 (ECF No. 61), of closing arguments and jury instructions on October 30, 2013 (ECF No. 62), and of trial testimony on December 5, 2013 (ECF Nos. 63-67).  Contrary to Trepanier's argument, the transcript of closing argument and jury instructions is in the record and has been since October 30, 2013.  Defendant does not give even a hint of how he was prejudiced by the time of filing of the transcripts or how any action by Mr. Schad could have caused them to be produced more quickly.  There is no indication in the Sixth Circuit's decision that any relevant portion of the transcript was missing.

**Ground Seventeen:  Ineffective Assistance of Trial Counsel in Jury Selection**

In his Seventeenth Ground for Relief, Defendant asserts Ms. Bennett used an investigator from the United States Attorney's Office which resulted in an unfair jury (Motion, ECF No. 71, PageID 1100).  He offers not a scrap of evidence in support of this claim, which should be dismissed.

**Ground Eighteen:  Ineffective Assistance of Trial Counsel**

As two additional supposed instances of ineffective assistance of trial counsel, Defendant repeats his claim that Ms. Bennett told his sister multiple times that he was guilty.  That claim has been dealt with above.  He also claims Ms. Bennett "knowingly gave information to the Prosecutors office to find her other witnesses to testify in place of SA Brandt who was the arresting and investating [sic] FBI Agent." *Id.* at PageID 1101.  This is a very serious allegation, but Defendant puts no meat on its bones.  Which witnesses?  Who testified to what?  What evidence is there that Ms. Bennett helped find them?  Because this second part of Ground Eighteen is completely speculative, it should be dismissed.

**Ground Nineteen:  Inconsistency Between Prosecutor's Statement and the Presentence Investigation Report**

In his Nineteenth Ground for Relief, Trepanier claims the prosecutor told Judge Rose there were 157 offending images found on his computer, but the Presentence Investigation

Report listed 181 (Motion, ECF No. 71, PageID 1101). He gives no record reference to Ms. Muncy's statement.

The Government responds that this claim is barred because it was not raised on appeal and that, in any event, the discrepancy is immaterial because both numbers are within the same range of the Sentencing Guidelines (Answer, ECF. No. 73, PageID 1135). In his Reply, Trepanier changes ground and argues the United States, in its response to Ground for Relief Twenty-Three, has admitted only fifty-six images were found.

This claim is procedurally defaulted because it could have been raised on direct appeal and was not. It is also not cognizable in a § 2255 Motion, where the Court collateral review is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have been raised in the district court or on direct appeal. *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996).

**Ground Twenty: Ineffective Assistance of Counsel and Prosecutorial Misconduct**

In this Ground for Relief, Defendant again alleges Ms. Bennett assisted the United States in preparing for trial. As the United States points out, Trepanier offers no evidence at all to support this allegation. In his Reply, Trepanier refers the Court to "R. 65 Transcript, 742." (ECF No. 74, PageID 1146.) ECF or Doc. No. 65 is the transcript of trial proceedings for April 11, 2013. On that page Ms. Clemmens is describing to the Court the production of discovery from the United States to the defense on a particular date in March. Nothing is said on that page about Ms. Bennett helping the prosecutors. The transcript does not support Trapanier's claim.

**Ground Twenty-One:  Inconsistent Testimony of Prosecution Witnesses**

In this Ground for Relief, Trepanier again points to what he considers to be proof of evidence tampering, to wit, different testimony about when the computer was entered into the FBI evidence custody and when it was removed by the forensic examiner.  For reasons given above, there is no material inconsistency involved and in any event there is no deprivation of constitutional right when a person is convicted on testimony that is not completely consistent.  There is also no constitutional requirement of proof of chain of custody beyond a reasonable doubt.

**Ground Twenty-Two:  Incomplete Record**

In his Twenty-Second Ground for Relief, Trepanier asserts the record is incomplete because "all court records for April 16th, 2013, are missing from the transcript."  (Motion, ECF No. 71, PageID 1102.)  That is simply incorrect.  The transcript for April 16, 2013, is on file at ECF No. 62.

**Ground Twenty-Three:  Double Jeopardy**

In his final Ground for Relief, Trepanier asserts his conviction violates the Double Jeopardy Clause because he was convicted of both receiving and possessing child pornography, but possession is a lesser-include offense of receiving (Motion, ECF No. 71, PageID 1102).

In its Answer the United States agrees that the Double Jeopardy Clause "bars two sentences for the receipt and then possession of the *same* child pornography." (Answer, ECF No. 73, PageID 1136). However, here the receipt conviction was based on the receipt on February 21, 2008, of a particular .jpg file and the possession conviction was based on Trepanier's possession of 56 different images of child pornography on his computer on July 31, 2009 (Answer, ECF No. 73, PageID 1136-37).

Trepanier replies that "the United States has now admitted to evidence tampering or planting in this case, [and ] Double Jeopardy is no longer the issue. He concludes

> The issue of the United States tampering or planting a .jpg file is enough to cause an immeadte [sic] reversale [sic] of the conviction and start a full investagation [sic] into the FBI, Dayton Regional Computer Forensic Lab, and the United States Attorney's Office in Dayton Ohio because of the violations of 18 U.S.C.$. §1519, 18 U.S.C.S. § 1 51 2 ( c ) ( 1 ) , and 1 8 U . S . C. S • § 1 6 2 3 ( a ).

(Reply, ECF No. 74, PageID 1147.)

First of all, this claim is procedurally defaulted because it was not raised on appeal.

Secondly, the facts supporting the two convictions are separate as shown in the Presentence Investigation Report's listing of image received in February 2008 and different images found on the computer in July 2009. No Double Jeopardy violation occurred and there is no proof of evidence tampering.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should

be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 2, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).